1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10    UNITED STATES OF AMERICA,

11              Respondent,                    No. CR S-93-233 GEB GGH P

12         vs.

13    GERARD GALLANT,

14              Movant.                        FINDINGS AND RECOMMENDATIONS

15    _____/

16              Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside

17    or correct his sentence pursuant to 28 U.S.C. § 2255.  In 1996 movant was found guilty of

18    offenses related to a prisoner's escape and sentenced to 365 months imprisonment.

19              Movant filed the original motion on June 6, 2008.  This action is proceeding on

20    the amended motion filed June 25, 2008, raising the following claims: 1) movant was denied his

21    right to meaningful participation in his trial due to harsh security measures; 2) counsel was

22    ineffective for calling movant a "barbarian" and a "dangerous man" during trial; 3) counsel was

23    ineffective for failing to conduct adequate cross-examination of witnesses; 3) counsel was

24    ineffective for failing to call movant as a witness; 4) counsel was ineffective for failing to call

25    several people as defense witnesses; 5) counsel was ineffective for misrepresenting to the court

26    that movant had read the presentence report; 6) defense counsel improperly stipulated to

1

movant's prior conviction; 7) use of multiple indictments and multiple counts violated movant's right to due process.

In the June 4, 2009, response, respondent argues that the motion is barred by the statute of limitations.  28 U.S.C. § 2255(f) provides,

> A 1 year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Based on the nature of the claims raised in the motion, the court finds that the limitations period set forth in 28 U.S.C. § 2255(f)(1) is applicable.  On February 25, 1998, the Ninth Circuit Court of Appeals upheld petitioner's conviction.  U.S. v. Gallant, 136 F.3d 1246 (9th Cir. 1998).  Petitioner's conviction became final on June 26, 1998, when the United States Supreme Court denied movant's petition for certiorari.  Gallant v. U.S., 524 U.S. 961, 118 S.Ct. 2387 (1998).  Petitioner had one year from June 26, 1998, to file a timely § 2255 motion.  The original and amended § 2255 motions were filed well more than one year after June 26, 1998.[1]

/////

/////

---

[1]  Movant may also be arguing that the statute of limitations is not applicable to him because he was charged with the at-issue offenses before the statute of limitations was enacted in 1996.  This argument is without merit.  First of all, judgment was entered against movant in this court on February 27, 1997, after enactment of the statute of limitations.  Moreover, prisoners whose claims accrued prior to AEDPA's effective date are entitled to a one-year grace period in which to file their § 2255 motions.  United States v. Valdez, 195 F.3d 544, 546 (9th Cir.1999) overruled on other grounds by Dodd v. United States, 545 U.S. 353, 125 S.Ct. 2478 (2005). Had movant's conviction been final before enactment of the statute of limitations, he would have had one year from its enactment to file the instant motion.

If a § 2255 motion is not timely filed under § 2255(f)(1) or under the applicable statutory tolling provision, a prisoner may be entitled to equitable tolling.  See United States v. Battles, 362 F.3d 1195, 1196-97 (9th Cir.2004) (finding that equitable tolling is available in § 2255 proceedings just as in § 2254 proceedings).  Equitable tolling is available only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time" and "the extraordinary circumstances were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.2003).

In the amended motion, movant includes a section titled "delayed motion" where he addresses the issue of timeliness.  Amended Motion, p. 20.  Movant suggests that he is entitled to equitable tolling because he has been incarcerated.  Movant's incarceration is not grounds for equitable tolling.  Movant made no other argument for equitable tolling as he did not file a reply to respondent's response to the motion.

For the reasons discussed above, the court finds that movant's motion should be dismissed as barred by the statute of limitations.

IT IS HEREBY RECOMMENDED that:

1.  Movant's June 25, 2008, amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be dismissed (docket # 228) ; and

2.  The clerk of the court be directed to close the companion civil case No. CIV S-07-1390.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised
\\\\\

that failure to file objections within the specified time waives the right to appeal the District

Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 21, 2009

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

gallant.2255